David Chami, AZ #027585
Price Law Group, A.P.C.
1204 E. Baseline Rd., Suite 102
Tempe, Arizona 85283
Tel: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* NICK FISHER
and the Classes

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| NICK FISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE WAY FUNDING, LCC, a New York limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff Nick Fisher ("Fisher" or "Plaintiff") brings this Class Action Complaint against Defendant One Way Funding, LLC ("One Way Funding" or "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) enjoin Defendant from continuing to place pre-recorded telephone calls to consumers who elected to opt out of receiving them, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees as set forth herein.

1

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") and/or using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining consent. One Way Funding has violated, and continues to violate, the TCPA and its regulations, by placing autodialed and/or prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls and/or who have expressly requested not to receive such calls.

4. In an effort to obtain leads for its services, One Way Funding made (or directed to be made on its behalf) autodialed and/or prerecorded calls to the telephones of Plaintiff and other members of the putative classes without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

**PARTIES**

7. Plaintiff Fisher is a natural person over the age of eighteen (18) and a citizen of the State of Arizona.

8. Defendant One Way Funding, LLC is a limited liability company organized in and existing under the laws of the State of New York, with its principal place of business located in Hicksville, New York 11801.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

10. This Court has personal jurisdiction over One Way Funding because it solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**COMMON ALLEGATIONS OF FACT**

12. Defendant One Way Funding, LLC is a purported financial services company that provides capital primarily to small businesses. Defendant claims to have provided millions of dollars to business owners.

3

13. Unfortunately for consumers, One Way Funding casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its financial products Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-recorded calls to consumers' telephones, including their cellular telephones, all without any prior express consent to make these calls.

14. To make matters worse, Defendant places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

15. Finally, despite consumers' attempts to opt out of future calls, Defendant continues to call them.

16. Not surprisingly, these practices have led to significant complaints from consumers, which can be found on the Internet. These public comments demonstrate a pattern of misleading and seriously unethical business practices. Consumers have publicly complained that:

- This is a new number for One Way Funding and today's caller was "Anna". These scammers continue to use different methods to get through to you; they change telephone numbers and CID names.[1]

- I couldn't take their call when they called me, so I called them back. The woman answered the phone as "Fast Funding".[2]

- unwanted robo call to a cell phone (not allowed) , a phone number on the "do not call registry" (calls to numbers on the "do not call registry" also not allowed).[3]

- These ******** keep calling me to scam money out of me. They use different numbers frequently to avoid being blocked. Surely no one is going to do business with a company so unethical.[4]

- They keep calling my number even my number is in do not call list. Several times I asked them nicely to remove my number since I am not a business

---

[1] https://800notes.com/Phone.aspx/1-516-203-7559
[2] https://800notes.com/Phone.aspx/1-631-239-8731
[3] https://800notes.com/Phone.aspx/1-631-239-8720
[4] https://www.bbb.org/new-york-city/business-reviews/loans-small-business/one-way-funding-in-hicksville-ny-155629/reviews-and-complaints

4

owner. People are over there is very rude.[5]

- I was contact by one way funding today from a number at ###-###-#### I was transferred to the agent and was told I was on the do not call list. He got mad and said I could have hung up. I told him "that's not the point, I shouldn't have to have solicitations during work" He then told me he was going to FIND ME AND KILL ME and told me he knew where I lived and told me he would come after my family and kids.[6]

17. At no time did Defendant obtain prior express consent from the Plaintiff and the Classes orally or in writing to receive prerecorded calls.

18. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

19. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

20. Plaintiff Fisher is the owner and customary user of the personal cellular telephone number 602-750-6084.

21. For approximately one year, Plaintiff Fisher has been receiving prerecorded telemarketing calls on his cellular telephone offering preapproved financial loans from One Way Funding.

---

[5] https://www.bbb.org/new-york-city/business-reviews/loans-small-business/one-way-funding-in-hicksville-ny-155629/reviews-and-complaints
[6] https://www.bbb.org/new-york-city/business-reviews/loans-small-business/one-way-funding-in-hicksville-ny-155629/reviews-and-complaints

5

22. Plaintiff Fisher never consented either orally or in writing to receive prerecorded and/or autodialed calls from One Way Funding or any of its affiliates or agents.

23. Each of the pre-recorded calls has a nearly identical message, which states as follows:

> Hi this is John from Fast Funding, you have been pre-approved for a working capital loan. Press one to speak with me, or one of my associates about your offer, again, press one to go over your pre-approved working capital loan.

24. During one of the calls, Plaintiff pressed one and spoke with an agent of One Way Funding. The agent explained that he worked for One Way Funding, LLC, despite using the name Fast Funding. Plaintiff requested that he be placed on Defendant's do not call list.

25. Despite repeated requests for the prerecorded and/or autodialed calls to stop, Plaintiff continues to receive calls from One Way Funding.

26. Plaintiff has received telephone calls from the following numbers: (631) 239-8720, (631) 239-8731, and (516) 203-7559. On information and belief, One Way Funding answers its phone as "Fast Funding" when it receives incoming calls at (631) 239-8731 and at the number listed on its website.

27. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to place prerecorded and/or autodialed calls to him and has no business relationship with Defendant.

28. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

29. By making unauthorized prerecorded and/or autodialed calls as alleged herein, One Way Funding has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for

6

1  the monies consumers paid to their wireless carriers for the receipt of such calls, and the

2  diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant

3  made the calls knowing they trespassed against and interfered with Plaintiff and the other Class

4  members' use and enjoyment of, and the ability to access, their cellphones, including the related

5  data, software, and hardware components.

6        30.     To redress these injuries, Plaintiff, on behalf of himself and the Classes of

7  similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited

8  prerecorded and/or autodialed calls to telephones. On behalf of the Classes, Plaintiff seeks an

9  injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling

10 activities and an award of statutory damages to the class members, together with costs and

11 reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

13       31.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

14 and Rule 23(b)(3) on behalf of himself and the two Classes defined as follows:

> **Pre-recorded No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the present; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using a pre-recorded voice; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.
>
> **Pre-recorded Stop Call Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the present; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellphone; (4) for the purpose of selling Defendant's products and services; (5) using a pre-recorded voice; and (6) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

      32.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who

7

properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

33. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can only be identified through Defendant's records.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) Whether Defendant's conduct violated the TCPA;
    (b) Whether Defendant systematically made telephone calls to cellphone owners who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;
    (c) Whether Defendant made the calls with the use of an pre-recorded voice message;

8

    (d) Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

    (e) Whether Defendant systematically made telephone calls to consumers after they explicitly asked not to be called by Defendant.

  37. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Pre-recorded Message Class)**

  38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

  39. Defendant made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Pre-Recorded Message Class, without their prior express written consent in an effort to generate leads for Defendant's loans and other financial products and services.

40. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

41. Further, Defendant made the telephone calls using equipment that played a pre-recorded voice message. On information and belief, the equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

42. By making unsolicited telephone calls to Plaintiff and members of the Pre-Recorded Message Class's cellular telephones without prior express consent, and by utilizing an pre-recorded voice message and/or ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

43. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-Recorded Message Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

44. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-Recorded Message Class.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the Pre-recorded Stop Call Class)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded Stop Call Class on their telephones in an effort to sell its products and services after the call recipient informed Defendant that s/he no longer wished to receive calls from Defendant.

47. Defendant made the telephone calls using equipment that played a pre-recorded voice and/or had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. That is, Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Pre-recorded Stop Call Class simultaneously and without human intervention.

48. On information and belief Defendant has no written internal do not call policy wherein it honors do not call requests nor are employees or personnel engaged in calling activities trained with respect to any such policy. Defendant does not honor stop calling requests and continues to call persons using its pre-recorded voice, both within and beyond 30 days after the do not call request has been made.

49. By making unsolicited telephone calls to Plaintiff and members of the Pre-recorded Stop Call Class's telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

50. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-recorded Stop Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellphones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded Stop Call Class.

//

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nick Fisher, on behalf of himself and the class, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Fisher as the representative of the Classes, and appointing his counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E. An injunction requiring Defendant to cease all unsolicited pre-recorded calling activities, and otherwise protecting the interests of the Class;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: January 29, 2018

**NICK FISHER**, individually and on behalf of all others similarly situated,

By: _s/ David Chami_
David Chami, AZ #027585
Price Law Group, A.P.C.
1204 E. Baseline Rd., Suite 102
Tempe, Arizona 85283
T: 866-881-2133
david@pricelawgroup.com

1
2
3
4
5
6

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

7

Attorneys for Plaintiff and the Classes

8

* Pro Hac Vice

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28